```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


STEVEN J. COX,                      :
                                    :
       Plaintiff,                   :
                                    :
vs.                                 :
                                    :    CIVIL ACTION 12-0011-KD-M
WILLIAM N. LUCY,                    :
                                    :
       Defendant.                   :
```

REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Doc. 2) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  After consideration, it is recommended that Plaintiff's motion be granted.

The facts are, briefly, as follows.[1]  This action "began as an ejectment suit following the purchase at foreclosure by the [P]laintiff [Steven J. Cox] of property owned" by Defendant William N. Lucy (Doc. 3, ¶ 3).  Alabama Court records show that the action was filed on August 17, 2011 in the Mobile County

---

[1] The Court states at the outset that the Alabama Court records have been difficult to decipher and that neither Party has provided a complete history of this action.

1

Circuit Court (Doc. 3, Exhibit A, p. 1).  On October 14, 2011, Defendant filed an Answer denying the claims (Doc. 3, Exhibit A, p. 5).  On November 21, 2011, Lucy filed a motion to dismiss (Doc. 3, Exhibit A, p. 5); a ruling was entered on December 9, 2011 (Doc. 3, Exhibit A, p. 6).[2]  On February 29, 2012, the Alabama Court of Civil Appeals dismissed an appeal as no final judgment had been entered in the Court below (Doc. 1, Attachment); on April 17, 2012, the same court overruled Lucy's application for rehearing (Doc. 3, Exhibit B).

On May 2, 2012, Lucy filed a pleading entitled "Motion to Remove this Instant Case" to this Court from the Alabama Court of Civil Appeals (Doc. 1).  In his "Motion," Defendant states that he has been denied due process and equal protection of the law under the Fourteenth Amendment (*id.*).  On May 8, Cox filed a Motion to Remand, asserting that this action had been improperly removed as the parties were not diverse and it was not removed in a timely fashion (Docs. 2, 4).  Though given the opportunity to do so (*see* Doc. 5), Lucy has not responded to the Motion to Dismiss.

In a removal action, the party asserting jurisdiction has

---

[2]The motion to dismiss was apparently denied, though Court records only say that the motion was "rendered & entered."

the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

In this action, Defendant has provided no basis for this Court's jurisdiction. More specifically, he has not shown that all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. 28 U.S.C. § 1332(b). Also, other than asserting conclusory allegations that he has been denied due process and equal protection of the laws, Lucy has not proven a viable cause of action arising under the laws of the United States to satisfy 28 U.S.C. § 1331. As such, the Court finds that Defendant has failed to demonstrate that this Court has jurisdiction over this matter as he is required to do.

3

Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 2) be granted and that this action be remanded back to the State Courts for further judicial action.[3]

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's

---

[3]The Court notes that although Plaintiff removed this action from the Alabama Court of Criminal Appeals, that Court had indicated that no final judgment had been entered in the Court below. Therefore, it would appear that remand would be appropriate to the Mobile County Circuit Court.

    recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this 14th day of June, 2012.

                                 s/BERT. W. MILLING, JR.
                                 UNITED STATES MAGISTRATE JUDGE