IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN J. COX,           ) | |
|     Plaintiff,          ) | |
| v.                       ) | CIVIL ACTION NO. 12-00011-KD-M |
|                          ) | |
| WILLIAM N. LUCY,         ) | |
|     Defendant.         ) | |

**ORDER**

After due and proper consideration of all relevant pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated June 14, 2012, is **ADOPTED** as the opinion of this Court with the following additional findings:

In the Objection, Defendant Lucy argues that this Court has jurisdiction based on his claim of a violation of his right to due process and equal protection. Assuming that the Defendant could assert this claim in the current lawsuit, the claim would be a counterclaim to Plaintiff's suit. The Supreme Court has rejected the argument that a counterclaim can form the basis for federal jurisdiction. As stated in Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-832 (2002):

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." *Caterpillar Inc., supra,* at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant

would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. *See Franchise Tax Bd., supra,* at 11, 103 S.Ct. 2841.

For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint- or-counterclaim rule" urged by respondent.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Doc. 2) is **GRANTED** and this action is hereby **REMANDED** to the Mobile County Circuit Court for further judicial action.[1]

**DONE** and **ORDERED** this the **8th** day of **August 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

1 As stated in the Report and Recommendation: "[t]he Court notes that although Plaintiff removed this action from the Alabama Court of Criminal Appeals, that Court had indicated that no final judgment had been entered in the Court below."  (Doc. 6 at 4 at note 2).  Therefore, the case should be remanded to the Mobile County Circuit Court.