IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN J. COX,           | ) | |
|     Plaintiff, | ) | |
| v.                       | ) | CIVIL ACTION NO. 12-00011-KD-M |
|                          | ) | |
| WILLIAM N. LUCY,         | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on *pro se* Defendant William N. Lucy's Motion for Reconsideration (Doc. 21) of the Court's August 8, 2012 Order and Judgment adopting the Report and Recommendation (Docs. 17, 18).[1]  Upon consideration and for the reasons set forth herein, the motion is **DENIED.**

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transport, 229 F.3d 1012, 1023-1024 (11th Cir. 2000) (en banc). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prod., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted).  Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted).

---

[1] Defendant Lucy appealed this matter before filing the present motion; his appeal was dismissed on September 19, 2012 for failure to pay the filing fee. (Doc. 23).

A review of the motion to reconsider indicates that Lucy does not raise any argument based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.  Nevertheless, giving Lucy's motion to reconsider the liberal construction due to *pro se* motions, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (quotations omitted), the Court construes the motion to reconsider as based upon the need to correct clear error or manifest injustice.

In that regard, the Court has reviewed the motion to reconsider, the Order adopting the Report and Recommendation, and the Report and Recommendation, and finds that there is no clear error or manifest injustice resulting from its decision.  As grounds, Lucy contends that the Report and Recommendation erroneously concluded that he did "not give or show evidence of this claim that the trial judge stated that 'I am the law'" even though he Lucy submitted in his Answer/Objection to the Report and Recommendation "proof certain, in the form of the record as certified by Mobile County Court Reporter Mr. Travis Adkins." (Doc. 21 at 1 (emphasis omitted)).  The evidence submitted with Lucy's Objection (Doc. 15) included a transcript of a state court hearing during which the trial judge stated: "[a]t this very moment, I am the law." (Doc. 15 at 15).  However, this statement is not relevant to the actual findings in the Report and Recommendation which were adopted by the undersigned.  Specifically, the Court adopted the findings of the Report and Recommendation that Lucy had not demonstrated that the Court has jurisdiction over this case (because he did not show that all plaintiffs are diverse from all of the defendants and that the amount in controversy exceeds $75,000 as required for diversity jurisdiction).  As such, Lucy's present grounds to reconsider lack merit as they are unrelated to the diversity jurisdiction requirements.

Accordingly, it is **ORDERED** that Defendant William N. Lucy's Motion for Reconsideration (Doc. 21) of the Court's August 8, 2012 Order and Judgment adopting the Report and Recommendation is **DENIED.**

**DONE** and **ORDERED** this the **10th** day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**